■ In the Matter of ROBERT ROKJER, Petitioner, v. ALBERT F. PREZIO, as Commissioner of Public Safety of the City of Troy, Respondent.— REYNOLDS, J. Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Rensselaer County) to review a determination of the Commissioner of Public Safety of the City of Troy, New York, which discharged petitioner from the Police Department of the City of Troy. The Commissioner of Public Safety of the City of Troy found petitioner guilty, following a hearing, of acquiring stolen goods, nine bottles of liquor, and failing to report possession thereof to his superior officers and discharged him from the Police Department of the City of Troy. The determination of guilt is factual and thus if supported by substantial evidence it must be affirmed (e.g., *Matter of Hess* v. *Town of Vestal*, 30 A D 2d 599). The evidence is substantial when "from it an inference of the existence of the fact found may

be drawn reasonably ". (*Matter of Stork Rest.* v. *Boland,* 282 N. Y. 256, 273.) Here concededly petitioner never admitted that he stole the liquor in question, or that he knew it was stolen. Moreover, the nine bottles of liquor brought to the office of the Chief of Police, have at no time, been identified as those allegedly stolen and, in fact, the police officers who conducted the investigation were not even able to testify that the nine bottles constituted stolen property. However, it stands uncontradicted in the record that petitioner, upon interrogation concerning the theft of liquor from a particular establishment by Captains West and Elgeiser, agreed to "return the articles that he had in his possession" and thereupon surrendered the nine bottles here involved. We cannot say that the Commissioner could not properly find that this conduct by the petitioner amounted to a tacit admission that he was not the rightful owner of the property in question and thus logically infer that petitioner knowingly possessed stolen goods. The failure of Captains West and Elgeiser to offer petitioner the warnings prescribed by *Miranda* v. *State of Arizona* (384 U. S. 436) does not require a different conclusion in the instant administrative disciplinary proceeding (See, e.g., *Matter of Zuckerman,* 20 N Y 2d 430, 438, cert. den. 390 U. S. 925; *Matter of Selig,* 32 A D 2d 213). *Matter of Finn's Liq. Shop* v. *State Liq. Auth.* (24 N Y 2d 647, mot. to amend remittitur den. 25 N Y 2d 777) involves the applicability to administrative proceedings of the Fourth Amendment based exclusionary rule of *Mapp* v. *Ohio* (367 U. S. 643) rather than the Fifth Amendment based rule of *Miranda* and is thus here inapposite (*Terpstra* v. *Niagara Fire Ins. Co.,* 26 N Y 2d 70). Nor can we agree with petitioner's contention that the Commissioner's opinion does not contain sufficient findings of fact. The finding of guilt as charged in effect made findings of fact as to petitioner's guilt on the one charge and sole specification thereof involved (compare *Matter of Kaye's Auto Exch.* v. *Hults,* 28 A D 2d 779). The cases cited by petitioner wherein error was committed by virtue of an absence of findings as to which of the charges petitioners therein were ultimately found guilty (see *Matter of Mariotti,* v. *Turecki,* 27 A D 2d 798; *Matter of Arcuri* v. *City of Utica,* 24 A D 2d 534), are therefore readily distinguishable. Finally we do not find the punishment herein disproportionate to the seriousness of the offense so as to warrant a reduction thereof by this court (*Matter of Hess* v. *Town of Vestal, supra*) and, accordingly, the determination should be confirmed. Determination confirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J.