In the Matter of SALVATORE J. OLIVO, Petitioner, v. WILLIAM E. KIRWAN, JR., as Superintendent of State Police, Respondent.— Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination dismissing petitioner, a trooper, from the Division of State Police. Petitioner was charged with (1) discussing matters concerning the operations of the division when the discussion was or could have been detrimental thereto, (2) acting in a manner tending to bring discredit to the division and (3) using his position as a member of the division to promote the personal interests of two persons to whom had been issued certain traffic tickets, in violation respectively of sections 8.23, 8.41 and 8.64 of article 8 of the Regulations of the New York State Police. In 1969 John P. Martin, a Justice of the Peace in Suffolk County, and petitioner, who had been stationed there a number of years, conversed at the Justice's home concerning certain traffic tickets issued by someone other than petitioner to Matthew J. Wandolowski and Victor J. Puglisi. Although in substantial dispute, there was proof at the hearing: that petitioner told the Justice that a couple of his friends got tickets and asked that the latter help them out, that Wandolowski pled guilty with an explanation and the charge against him was dismissed by the Justice, that a few minutes thereafter Puglisi appeared but no disposition was made because he did not have his ticket with him and that, before leaving, Puglisi, possessed of a criminal record said to be known to all enforcement people and an unfavorable reputation on the eastern end of Long Island, asked the Justice if he would like two cases of Scotch whiskey. Thereafter, petitioner advised the Justice by phone that State Police investigators were looking into the Puglisi and Wandolowski matters, that they have nothing and that Martin has to bluff them, that he, Martin, does not know "from nothing" and all he has to tell them is that "this is my court and I'll run it the way I see fit", and not to let them scare him into anything and not to say anything on the phone. The evidence in this proceeding involving the discipline of a member of the State Police being conflicting, the Superintendent's findings as to the questions of fact are conclusive since they are supported by substantial evidence (*Matter of McGrath* v. *Kirwan*, 32 A D 2d 700). The found efforts to "fix" two tickets, one for an individual with a record and bad reputation, combined with the rather crass attempt to persuade the Justice into refusing to co-operate with a State Police investigation are not only serious in nature but

grossly inconsistent with the integrity expected from one in petitioner's position of great sensitivity and trust (*Matter of Hess* v. *Town of Vestal*, 30 A D 2d 599). The discipline imposed is not disproportionate to the offense (cf. *Matter of Rokjer* v. *Prezio*, 34 A D 2d 588, 589; *Matter of Leavitt* v. *Board of Regents*, 9 A D 2d 987) and the Superintendent's "house cleaning" should not be disturbed (cf. *Matter of Phinn* v. *Kross*, 8 A D 2d 132, 137). Determination confirmed, without costs. Reynolds, J. P., Greenblott, Cooke, Sweeney and Simons, JJ., concur.