■ In the Matter of GARY J. MAJOR, Petitioner, v WILLIAM G. CONNELIE, as Superintendent of the Division of New York State Police, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination against petitioner in regard to disciplinary action taken by the Superintendent of the Division of New York State Police. Appeal, by permission, from an order of the Supreme Court at Special Term, entered November 5, 1980 in Albany County, which partially denied a stay of certain disciplinary punishment imposed on petitioner by respondents. On July 11, 1980, the Superintendent of the New York State Police formally accused petitioner, a New York State trooper, of violating two sections of the New York State Police Administrative Manual. Charge No. 1 and the accompanying specifications accused petitioner of violating section 8.3 of article 8 which required "all Members to obey every lawful order issued orally or in writing by Competent Authority." Charge No. 2 and the accompanying specifications accused petitioner of violating section 8.41 of article 8 which prohibited, *inter alia,* "a Member from * * * acting * * * in a manner tending to bring discredit upon the Division." After a full hearing conducted by the New York State Police Hearing Board on September 9, 1980, the board found petitioner guilty of both charges and recommended that he be suspended for 20 days without pay and that his previously granted per-

mission to operate his real estate business be rescinded. The superintendent agreed with the board's determination and suspended petitioner without pay for 20 days. Division headquarters also rescinded petitioner's permission to operate his real estate business. Petitioner commenced the instant article 78 proceeding to review respondents' determinations. Special Term granted petitioner's application to stay enforcement of the suspension, but denied petitioner's application to stay the order regarding outside employment and transferred the proceeding to this court. A Justice of this court granted permission to petitioner to appeal from so much of Special Term's order as denied the requested stay. However, the court subsequently refused to grant petitioner a stay pending appeal. In reviewing the determination of an administrative body after a hearing, the scope of this court's review is limited to whether that determination is supported by substantial evidence on the entire record (CPLR 7803, subd 4; *Matter of Purdy v Kreisberg,* 47 NY2d 354, 358). Moreover, "it is not the prerogative of a reviewing court to substitute its judgment for that of the agency's determination when the record reasonably supports the agency's conclusion" *(Matter of Freyman v Board of Regents,* 79 AD2d 719, 720). We find that the record in the instant case supports the finding that petitioner disobeyed the lawful orders of his superiors and also acted in a manner which discredited his division within the ambit of sections 8.3 and 8.41 of article 8 of the New York State Police Administrative Manual. The charges preferred against petitioner all stem from his visits, while on duty, to an office wherein he conducted a real estate business during his off hours. At the hearing, petitioner admitted that on two separate occasions he took a meal break at his real estate office while on duty without first notifying headquarters by radio. This was in direct contravention of Lieutenant Chamut's written order. Further, testimony of Sergeant Dolphin and petitioner himself support the charge that on one occasion petitioner left his car unattended with the engine running in violation of the superintendent's written order. Thus, the record clearly indicates that petitioner failed to comply with the directives of his superiors and engaged in conduct which tended to discredit the Division of State Police. Next, petitioner contends that the 20-day suspension and revocation of his privilege to carry on his real estate business constitutes an excessive penalty. We disagree. The test to be applied in reviewing the severity of a penalty is whether the sanction imposed by the administrative agency shocks one's sense of fairness when compared to the offense and all other relevant circumstances *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). While the penalty in the instant case is seemingly harsh, we do not find it to be inappropriate. A State policeman is a member of a paramilitary organization and is in a "position of great sensitivity and trust" *(Matter of Olivo v Kirwan,* 37 AD2d 665, 666, mot for lv to app den 29 NY2d 484). While we recognize that petitioner had a reasonable right to rely upon article 22 of the agreement between the State and petitioner's negotiating representative, which permits troopers to engage in outside employment, such permission is conditioned upon the trooper not conducting himself in a manner inimical to the best interests of the division and the State. We should not substitute our judgment for that of the respondents in determining that, based upon petitioner's conduct, his permission to engage in outside employment should be withdrawn. Petitioner must abide by the high standards of conduct and adhere to departmental rules regarding discipline, fitness and character. We have considered petitioner's other arguments and find them without merit. Determination confirmed, and petition dismissed, without costs. Appeal from order entered November 5, 1980, dismissed, as moot,

without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.