■ In the Matter of MICHAEL J. DILLON, Petitioner, v WILLIAM CONNELIE, as Superintendent of New York State Police, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Superintendent of the State Police dismissing petitioner from his position as a member of the New York State Police upon findings of misconduct. The most serious of the various charges of misconduct against petitioner accused him of passing through toll barriers without paying tolls at the Henry Hudson Bridge on numerous occasions during September and October, 1980, while driving a blue and white jeep, license plate 98-IHN, admittedly registered to him during the pertinent period. At the hearing, a toll collector for the Triborough Bridge and Tunnel Authority testified that on September 1, 1980, while he was on duty at the Henry Hudson Bridge, a blue jeep bearing petitioner's license plate passed his toll booth at a very high rate of speed without stopping to pay the toll. A second toll collector described a similar incident involving the same car bearing the same license plate on October 18, 1980, when the vehicle went through the toll barrier at a speed of 40-50 miles per hour. The following day, the same collector observed the vehicle again

passing without paying the toll, but this time was able to identify petitioner as the driver. Written reports filed by various toll collectors were also introduced in evidence at the hearing, in which petitioner's vehicle and plate number were identified regarding toll-evading incidents on various other dates during the months of September and October of 1980. Petitioner did not testify at the hearing. However, he had previously given a written statement to a State Police investigator in which he admitted owning the blue jeep with the identified license plate number, said that he could not "recall running the toll at any time intentionally", conceded that "it is possible" that he ran the toll on four occasions, and further did not recall lending his vehicle to anyone else during the pertinent period. The evidence from the toll collectors, which stood uncontradicted by petitioner at the hearing and which was not categorically denied by him or plausibly explained in his earlier statement, clearly permitted the inference that in fact it was petitioner who was the actual driver of the vehicle, registered in his name, that went through the tolls. The finding of misconduct as to these charges was thus fully supported by substantial evidence (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 179). The imposition of the penalty of dismissal from the State Police must also be upheld. Each of the instances of evading payment of the tolls constituted a separate criminal misdemeanor (21 NYCRR 1073.7; Public Authorities Law, § 553, subd 5). Moreover, the testimony of one toll collector described that on two of these occasions, petitioner drove his vehicle through the tolls at a dangerously high rate of speed. Repeated criminal conduct, committed in a manner seriously endangering the safety of other users of the highway at the same time and place, would alone support the penalty of dismissal from police service (see *Matter of Muldoon v Mayor of Syracuse,* decided with *Matter of Pell v Board of Educ.,* 34 NY2d 222, 236-237; *Matter of Olivo v Kirwan,* 37 AD2d 665, 666, mot for lv to app den 29 NY2d 484). Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.