■ In the Matter of JULIO SANTOS, Petitioner, v DONALD O. CHESWORTH, as Superintendent of the New York State Police, Respondent.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which dismissed petitioner from the Division of State Police.

Petitioner was employed as a Trooper with the Division of State Police when, in December 1985, he was directed to attend a five-day police training session at the State Police Academy in the City of Albany. During his stay in Albany, petitioner was lodged with Trooper Paul Slevinski at a motel. On December 5, 1985, the night before the final day of the session, petitioner and Slevinski visited several nightspots in Albany. At about 2:30 A.M. petitioner told Slevinski that he was going to stay overnight at the apartment of a woman friend, and asked Slevinski to pack his belongings in their motel room and bring his bag to the police academy in the morning.

While packing petitioner's bag, Slevinski found 10 small brown envelopes and a "zip-lock" type plastic bag which contained a residue of white powder. He placed the envelopes and plastic bag in the top pocket of one of his shirts. The following morning Slevinski delivered petitioner's car and his belongings to petitioner and, when the final session at the police academy ended, Slevinski returned to his station still in possession of the brown envelopes and plastic bag. Petitioner did not attend the last session.

On December 11, 1985, after several days of reflection, Slevinski met with his station commander and told him what had occurred in Albany and turned the envelopes and plastic bag over to him. The station commander brought the matter to the attention of the troop commander and turned the items over to him. The troop commander directed that a field test be conducted on the substance in the plastic bag. The substance tested positive for cocaine.

After the results of the field test were reported to Division of State Police headquarters, an internal investigation was ordered. A search of petitioner's locker at the Hawthorne Station, where he was assigned, revealed a single-edge razor blade which, after testing, revealed the existence of a cocaine residue. Petitioner was thereafter administratively charged with, *inter alia,* two counts of knowingly possessing cocaine and unauthorized absence from in-service training.

The matter was heard before the State Police Hearing Board. The Board found petitioner guilty of the drug charges and the charge of misconduct for unauthorized absence from in-service training. Respondent sustained the Board's findings and dismissed petitioner pursuant to the recommendation of the Board. Petitioner then commenced this CPLR article 78 proceeding seeking to annul respondent's determination. The matter was transferred to this court by order of Supreme Court.

A determination of guilt in a disciplinary proceeding is considered to be factual, and, consequently, must be confirmed if supported by substantial evidence *(see, Matter of Rokjer v Prezio,* 34 AD2d 588; *Matter of Hess v Town of Vestal,* 30 AD2d 599). If an inference of the existence of the fact found may be drawn reasonably, the evidence is substantial *(Matter of Rokjer v Prezio, supra).* Here, we conclude that respondent's determination was supported by substantial evidence from which valid inferences of knowing possession of cocaine could be drawn.

Despite petitioner's denial of knowledge of the existence of cocaine in either his locker or his bag, there was evidence produced from which respondent could properly determine that petitioner constructively possessed the controlled substance. The record established that petitioner owned or exercised dominion or control over both the bag and the locker which contained traces of the controlled substance within *(cf., People v Watson,* 56 NY2d 632; *People v Brown,* 115 AD2d 791, 793, *lv denied* 67 NY2d 880). Further, petitioner's knowledge of the existence of cocaine in places under his control may properly be inferred from his constructive possession of it *(see, People v Reisman,* 29 NY2d 278, 285, *cert denied* 405 US 1041; *accord, People v Tirado,* 47 AD2d 193, 195, *affd* 38 NY2d 955).

Next, while petitioner does not contest the sufficiency of the evidence of his guilt with respect to the charge of misconduct for his unauthorized absence from in-service training, he claims that respondent selectively enforced the regulation

against him because he was a minority member of an all-white unit. The evidence is to the contrary. The other offices who missed any training sessions had authorized absences. In any event, petitioner failed to make the necessary showing required to meet the burden of proving conscious, intentional discrimination *(cf., Matter of 303 W. 42nd St. Corp. v Klein,* 46 NY2d 686, 693, 694; *People v Goodman,* 31 NY2d 262, 269).

Finally, we do not find the penalty imposed to be excessive. The test in reviewing the severity of a sentence is whether the sanction shocks one's sense of fairness when compared to the offense and all other relevant circumstances *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Much deference is to be afforded to an agency's determination regarding a sanction, especially in situations where, as here, matters of internal discipline in a law enforcement organization are concerned *(see, Matter of Alfieri v Murphy,* 38 NY2d 976; *Matter of Major v Connelie,* 81 AD2d 718; *Matter of Olivo v Kirwan,* 37 AD2d 665, 666, *lv denied* 29 NY2d 484). Certainly, it cannot be said to shock one's sense of fairness that petitioner was dismissed after being found guilty of possessing cocaine.

We also reject petitioner's charge that he was inadequately represented by counsel because his lawyer was the "official attorney" for the Police Benevolent Association. Such a general allegation fails to establish that a significant possibility of a conflict of interest existed. Petitioner failed to demonstrate that his representation was ineffective.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.