■ In the Matter of ANTHONY R. DI RIENZ, Petitioner, v THOMAS A. CONSTANTINE, as Superintendent of the Division of New York State Police, Respondent.—Kane, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, inter alia, suspended petitioner from his employment with the Division of State Police.

Petitioner was a State Police investigator when he was assigned to drive Senior Investigator Donald Fittipaldi on September 15, 1986 round trip from their office in Syracuse to Rochester for a court proceeding. The following day, petitioner transported Fittipaldi from Syracuse to Albany and back so that the latter could attend to matters concerning his retirement. In October 1986, petitioner submitted a travel expense voucher for reimbursement for the travel on September 15 and 16, 1986, claiming a meal allowance of $26. The voucher listed petitioner's hours of work for September 15 as 8:00 A.M. to 8:30 P.M. and for September 16 as 8:00 A.M. to 8:00 P.M.

Thereafter, certain questions were raised regarding the propriety of petitioner's claim for reimbursement and, in April 1987, petitioner was served with charges stemming from his submittal of the travel voucher. A hearing was held before the State Police Hearing Board (hereinafter the Board), at which the following facts and evidence were elicited. In the official time record for September 15, 1986, petitioner initially listed his time of arrival at his Syracuse office as 8:30 A.M. but later changed it to read 8:00 A.M. Petitioner admitted to the

Board that he made this change but asserted that he did so to reflect his hours more accurately. At 10:00 A.M., he and Fittipaldi left for Rochester. Fittipaldi testified that they returned to the Syracuse office between 6:30 P.M. and 6:45 P.M. Petitioner testified that he listed 8:30 P.M. as his quitting time because after leaving Fittipaldi, he went to a satellite police station to work. With respect to September 16, 1986, Fittipaldi testified that he and petitioner left for Albany at 9:00 A.M. and returned to Syracuse between 5:30 P.M. and 5:45 P.M. Petitioner again testified that on that day he again went to work at the satellite office after leaving Fittipaldi. The Board found petitioner guilty of all of the charges and specifications against him. Respondent confirmed the Board's conclusions and imposed a 60-day suspension without pay, except that 20 days of the suspension was withheld pending successful completion of a six-month probationary period. Petitioner was also formally censured. Petitioner then commenced this CPLR article 78 proceeding seeking to annul respondent's determination. The matter was transferred to this court by order of Supreme Court.

In reviewing respondent's decision, our inquiry is limited to whether the decision was supported by substantial evidence upon the entire record (see, Matter of Purdy v Kreisberg, 47 NY2d 354) and we cannot substitute our judgment for that of respondent's if the record reveals a rational basis for his conclusions (see, supra, at 358). Here, petitioner contends that the evidence did not establish that he intended to appropriate reimbursement funds and, therefore, respondent failed to show that petitioner was guilty of the attempted petit larceny charge and the other charges related to that charge. However, if an inference of the existence of a finding of fact may be reasonably drawn, the evidence is substantial (Matter of Santos v Chesworth, 133 AD2d 1001, 1002). In this case, respondent's determination was supported by substantial evidence from which a valid inference of intent could be drawn. Petitioner testified that he was confused by the travel subsistence regulations and he now argues that his confusion negates any finding of intent. He also points to vouchers he previously submitted which were rejected and had to be resubmitted. However, petitioner admitted to making the changes at issue and his contention that he was confused was contradicted by evidence that he had specifically been instructed on the proper procedure for obtaining voucher funds and for altering official records. Although petitioner claimed he believed he was authorized to make the alterations, Fittipaldi testified that peti-

tioner had no such authority. In making the alterations for his time of arrival for September 15, 1986 and in listing his quitting time as 8:30 P.M. for that day and 8:00 P.M. for September 16, 1986, instead of the times he returned with Fittipaldi, petitioner became entitled to subsistence funds which he otherwise would not have been eligible to receive. Given these facts, substantial evidence supports respondent's conclusion that petitioner's actions demonstrated an intent to appropriate subsistence funds to which he was not entitled.

Petitioner also argues that his due process rights were violated because the Board limited cross-examination of respondent's witnesses by petitioner's counsel and that the Board abused its discretion by excluding certain evidence. However, in an administrative hearing, it is not necessary that there be strict compliance with the rules of evidence as long as the fundamentals of a fair hearing are not violated *(Matter of Rudner v Board of Regents,* 105 AD2d 555, 556-557). Here, the record reveals that any prejudice allegedly resulting to petitioner from the Board's relevancy rulings was not so substantial so as to require the setting aside of respondent's decision. Furthermore, the information sought on cross-examination was later introduced through other evidence and testimony.

Finally, we reject petitioner's contention that the penalty imposed was excessive. Deference is to be accorded to sanctions involving matters of internal discipline in a law enforcement organization *(Matter of Santos v Chesworth,* 133 AD2d 1001, 1003, *supra).* Furthermore, petitioner's position as a member of the State Police was one involving great sensitivity and public trust necessitating that he be held to a high standard of character and fitness *(see, Matter of Farwell v Chesworth,* 116 AD2d 802, 803). Here, since petitioner's actions involved dishonesty and a lack of integrity, the punishment was not so disproportionate to the offense so as to shock one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.