■ In the Matter of MITCHELL HAMMOND, Petitioner, v CITY OF AMSTERDAM, Respondent.—Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Montgomery County) to review a determination of respondent which terminated petitioner's employment as a police officer.

The questions presented for our review are (1) whether there is substantial evidence to support the determination of respondent finding petitioner, a police officer with respondent, guilty of violating an order of a superior officer and of willful mistreatment/assault of another police officer, and (2) whether the penalty imposed, dismissal from his employment, was an abuse of discretion as a matter of law in that it was so disproportionate to the offense as to be shocking to one's sense of fairness. In our view the determination of guilt is supported by substantial evidence and the penalty is not an abuse of discretion. Respondent's determination should therefore be confirmed.

Petitioner was in charge of the Drug Abuse Resistance Education (hereinafter D.A.R.E.) program for respondent's police department. On August 22, 1990 he and his 4½-year-old son placed D.A.R.E. bumper stickers on the department's patrol vehicles and in the officers' mail boxes in the station house. Petitioner had the permission of his superior officer to do this. On August 23, 1990 he was awakened to discover that about 20 D.A.R.E. bumper stickers had been placed on the bumpers, headlights, door handles and some windows of his personal vehicle while parked in his driveway during the night. This event upset his wife and son. Petitioner then made some telephone inquiries and was told by another police officer that he saw Officer Thomas Di Caprio removing a D.A.R.E. sticker from one of the marked patrol cars in the early morning hours of August 23, 1990.

Petitioner reported the incident at the police station. He then went to Di Caprio's home and confronted him. Di Caprio denied being involved in the matter, whereupon petitioner left. Later, petitioner returned to the police station and was told by Lieutenant Carl Conti, in the presence of Sergeant James Nicosia, that Conti would handle the matter and that petitioner was not to get involved. Later that day petitioner approached Di Caprio's vehicle in the pouring rain and engaged in a discussion with him about the matter. An argument ensued and Di Caprio, seated in his car, told petitioner to get away and shoved him. Petitioner then punched Di Caprio in the jaw with his closed fist. Di Caprio reported this incident and various charges of misconduct were brought against petitioner, Di Caprio and other officers. Evidence presented included Di Caprio's written statement that he had removed the D.A.R.E. stickers from the patrol cars but had not been involved in placing the D.A.R.E. stickers on petitioner's private vehicle. After a hearing, the Hearing Officer found

petitioner guilty of two of the three charges preferred against him and recommended that petitioner be dismissed. Respondent's Mayor adopted the findings and recommendation of the Hearing Officer and discharged petitioner.

The testimony and evidence before the Hearing Officer established that petitioner was given a direct order by an officer superior in rank to him, which petitioner disobeyed by engaging in a conversation with Di Caprio involving the bumper stickers and by punching Di Caprio. The testimony and evidence before the Hearing Officer also established that petitioner willfully mistreated or assaulted Di Caprio when he struck him in the jaw with a closed fist. Although petitioner testified that the blow was unintentional, the question of willfulness was resolved against petitioner by the Hearing Officer and we defer to his determination in this case (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 181-182; Matter of Santos v Chesworth, 133 AD2d 1001, 1002).

Petitioner's argument that the penalty of dismissal is " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " (Matter of Pell v Board of Educ., 34 NY2d 222, 233, quoting Matter of Stolz v Board of Regents, 4 AD2d 361, 364) is not persuasive. The offense involved the commission of a physical attack upon a fellow police officer despite a prior order of a superior officer to stay out of the matter of the bumper stickers. This physical altercation was not only a violation of department rules governing an officer's conduct, but also a violation of a lawful order of a superior officer. In view of the highly sensitive nature of police work in dealing with the public in situations demanding patience, we cannot say that the penalty imposed here was an abuse of discretion.

Levine, Mercure, Crew III and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.