In the Matter of PAUL T. HRICIK, Petitioner, v JAMES McMAHON, as Superintendent of New York State Police, Respondent. [668 NYS2d 295] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: On June 9, 1986, petitioner, a trooper with the New York State Police (State Police), came into possession of three handguns that were surrendered to him while he was at the scene of a domestic disturbance call. The guns were "nuisance weapons" and should have been turned in to respondent pursuant to Penal Law § 400.05 (1). Instead, petitioner retained the weapons as his own after purportedly purchasing them from their owner and did not promptly report their acquisition to respondent as required by Penal Law § 400.00 (12-c). In September 1987 petitioner registered the firearms with the State Police pursuant to their amnesty program, but falsely indicated that he had acquired them in March 1987.

The circumstances surrounding petitioner's acquisition of the weapons did not come to light until May 1996 when the owner complained that he had been threatened with arrest if he did not sign the bill of sale. Formal charges were served on petitioner, and, after an administrative hearing before a State Police Hearing Board (Board), petitioner was found guilty of failing promptly to report the acquisition of the weapons (Penal Law § 400.00 [12-c]); failing to surrender the weapons for destruction (Penal Law § 400.05 [1]); committing larceny by extortion by using intimidation to obtain the weapons (Penal Law § 155.05 [2] [e] [iv], [vii]; § 155.30 [7]); and offering a false instrument for filing in the second degree (Penal Law § 175.30). In January 1997 respondent accepted the Board's findings and recommendations but granted petitioner amnesty on the first charge pursuant to the amnesty program in effect in September 1987. Respondent terminated petitioner's employment based upon findings of guilt on the remaining charges.

Contrary to petitioner's contention, the determination is supported by substantial evidence (see, 300 Gramatan Ave. Assocs. v State Div. Of Human Rights, 45 NY2d 176, 181-182). The determination that petitioner violated Penal Law § 400.05 (1) is supported by his own admission that he retained the weapons as his own after they were surrendered to him. Petitioner pleads ignorance of the law, but he is charged with knowledge of the law and the established procedures of the State Police,

which were designed to implement that law. Under the procedures then in effect, petitioner was required to retain and secure the surrendered weapons for their eventual destruction, which he did not do.

The determination that petitioner violated Penal Law §§ 155.05 and 155.30 is supported by the testimony of the gun owner who denied offering the guns for sale and who stated that he signed the bill of sale because he had been threatened with arrest. Whether petitioner paid the owner the sum of $50 for the guns was a credibility question that the Board was entitled to resolve against petitioner (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444).

Likewise, the determination that petitioner violated Penal Law § 175.30 by filing a false registration form is supported by his own admission that, although he acquired the weapons in June 1986, he falsely indicated on the registration form that he acquired them in March 1987. He argues that the falsity was an insignificant detail of his request for amnesty. However, intent to defraud is not an element of offering a false instrument for filing in the second degree as defined by Penal Law § 175.30.

Finally, the penalty imposed is not excessive. "Much deference is to be afforded to an agency's determination regarding a sanction, especially in situations where, as here, matters of internal discipline in a law enforcement organization are concerned" (*Matter of Santos v Chesworth*, 133 AD2d 1001, 1003; *see also, Matter of Elwood v Constantine*, 213 AD2d 870, 872). The Board found petitioner's conflicting statements and conduct during the investigation indicative of disrespect and deception. Given the criminal nature of the offenses and petitioner's evasive conduct, the sanction of termination does not shock one's sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 234-235). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Onondaga County, Mordue, J.) Present—Pine, J. P., Lawton, Hayes, Wisner and Boehm, JJ.