■ In the Matter of RAMESHWAR PATHAK, Petitioner, v BARBARA A. DEBUONO, as Commissioner of Health of the State of New York, et al., Respondents. [677 NYS2d 182] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

Petitioner, a physician, pleaded guilty to an indictment charging him with three counts of criminal sale of a prescription for a controlled substance (Penal Law § 220.65) and was sentenced to five years' probation and fined $15,000. As a consequence, respondent Board of Professional Medical Conduct charged petitioner with professional misconduct (see, Education Law § 6530 [9] [a] [i]) and an expedited hearing was held solely for the purpose of determining the penalty to be imposed (see, Public Health Law § 230 [10] [p]). Petitioner was found guilty of professional misconduct and it was recommended that his license be revoked. Upon appeal to the Administrative Review Board for Professional Medical Conduct (hereinafter ARB), the Hearing Committee's determination finding petitioner guilty of misconduct was affirmed, revocation of petition-

er's license was sustained and, additionally, the ARB imposed a fine of $10,000. Petitioner thereafter commenced this CPLR article 78 proceeding seeking annulment of the determination on the grounds that it was arbitrary and capricious and that the fine imposed violated the constitutional protection against double jeopardy (US Const 5th, 14th Amends).

As a starting point, we do not find revocation of petitioner's license in the circumstances of this case to be so disproportionate to the underlying offense as to shock one's sense of fairness (*see, e.g., Matter of Binenfeld v New York State Dept. of Health*, 226 AD2d 935, 937, *lv dismissed* 88 NY2d 1052; *Matter of Sasson v Commissioner of Educ.*, 127 AD2d 875, 876). We similarly find no merit to petitioner's constitutional challenge. Although the monetary penalty imposed, together with revocation of petitioner's license, no doubt will serve as a deterrent to others—a traditional goal of criminal punishment—"the mere presence of this purpose is insufficient to render [the] sanction criminal, as deterrence 'may serve civil as well as criminal goals' " (*Hudson v United States*, 522 US 93, 105, quoting *United States v Ursery*, 518 US 267, 292). Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.