■ MICHAEL MALLON, Appellant, v JOHN J. DOHERTY, as Commissioner of New York City Department of Sanitation, Respondent. [703 NYS2d 137] —Order, Supreme Court, New York County (Luis Gonzalez, J.), entered December 15, 1998, unanimously vacated, on the law, the proceeding treated as one transferred to this Court pursuant to CPLR 7804 (g), and, upon such transfer and review, the determination of respondent Sanitation Commissioner dated May 11, 1998, which terminated petitioner's employment as a sanitation worker upon a finding that he violated Department of Sanitation's General Order 92-14 (since rescinded by General Order 98-13 effective September 24, 1998) prohibiting the loading of trade waste, unanimously confirmed, the petition denied and the proceeding dismissed, without costs.

The motion court having improperly entertained the issue of substantial evidence (CPLR 7804 [g]), this Court will treat the substantial evidence issue de novo and determine the proceeding as if it had been properly transferred (*Matter of Giorgianni v City of New York,* 255 AD2d 119). Substantial evidence supports the finding that petitioner violated General Order 92-14. Petitioner's argument that respondent had to prove that the materials he loaded onto his truck from a residential kitchen renovation were generated by a general contractor or person engaged in the home improvement business ignores the portion of General Order 92-14 that prohibited the loading of more than three cans, bags, bundles, or boxes per collection service of trade waste, even if generated by the occupant of a residence, without notifying and obtaining approval from a supervisor, and to contact a supervisor where doubt existed as to whether the materials were trade waste. Evidence at the hearing overwhelmingly established the violation of this three-bag rule. Petitioner's claims of ignorance of the rule and lack of intent to violate it, even if cognizable (*but see, Matter of Hricik v McMahon,* 247 AD2d 935, 935-936), are not persuasive, given that General Order 92-14 specified that it was to be read the

first Tuesday of each month at roll call. Nor does the penalty of dismissal shock our sense of fairness. The record shows petitioner's active participation in loading renovation debris far in excess of the three-bag limit with the assistance of persons who were not occupants of the residence he was servicing, under circumstances that should have at least caused doubt as to the nature of the material he was loading. We also note that General Order 92-14 provided that its violation was ground for termination regardless of whether the violator received any payment since "[t]rade waste collection is an act of corruption, represents an abuse of public property and resources and fosters the appearance of impropriety" (*see generally*, *Matter of Purdy v Kreisberg*, 47 NY2d 354, 360; *Matter of Trotta v Ward*, 77 NY2d 827). We have considered petitioner's other arguments and find them unpersuasive. Concur—Williams, J. P., Tom, Saxe, Buckley and Friedman, JJ.