CPLR article 78 proceeding transferred to this Court by an order of Supreme Court, Erie County (Michalek, J.), entered April 11, 2003, seeking to annul respondents’ determination.
It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 *949 proceeding seeking to annul respondents’ determination finding that petitioner violated respondents’ overtime pay policy and imposing a disciplinary penalty of censure, five days’ suspension and a return to six months’ probationary status based on petitioner’s misconduct in attempting to obtain overtime pay under false pretenses. Petitioner was a state trooper for 19 years prior to the misconduct at issue. He contends that the determination is arbitrary and capricious and not supported by substantial evidence, and that the penalty imposed is an abuse of discretion and is excessive. Petitioner further contends that Supreme Court erred in determining that the record is insufficient to permit review of petitioner’s challenge to respondents’ policy of intercepting and withholding court orders issued to troopers.
We conclude that respondents’ determination that petitioner violated respondents’ overtime pay policy is not arbitrary and capricious and is supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-180 [1978]). Petitioner testified that he was aware of his employer’s policy to cut down bn overtime by not having troopers appear in court unless a case was scheduled for trial and the trooper’s testimony was needed. Nonetheless, petitioner testified that one supervisor approved his request for overtime for two Vehicle and Traffic cases despite the fact that he never told the sergeant he was needed for trial. Petitioner’s supervisor testified not only that petitioner told him that the cases were scheduled for trial, but also discussed whether he should return to the station to change clothes or retrieve his case notes. Moreover, the supervisor documented petitioner’s statement that the cases were scheduled for trial in the police blotter immediately after his phone conversation with petitioner. Further, another supervising officer testified that, because of the policy to cut down on overtime, petitioner’s immediate supervisor would never have authorized petitioner’s overtime request had petitioner “not said trial.” He further testified that, in his view, petitioner’s immediate supervisor discussed petitioner’s request with petitioner in detail in order to be certain that his cases were ready for trial, in light of the new overtime pay policy. Based on the foregoing, the determination that petitioner violated respondents’ overtime pay policy by falsely stating that he was needed for trial in order to receive overtime is not arbitrary and capricious and is supported by substantial evidence.
We further reject petitioner’s contention that the penalty of censure, five days’ suspension and a return to six months’ *950 probationary status is an abuse of discretion and is excessive (see Matter of Hricik v McMahon, 247 AD2d 935, 936 [1998], citing Matter of Santos v Chesworth, 133 AD2d 1001, 1003 [1987]; see also Matter of Fortune v State of New York, Div. of State Police, 293 AD2d 154, 157 [2002]). The penalty imposed in this case cannot be said to be “shocking to one’s sense of fairness” (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, 34 NY2d 222, 234 [1974]).
Finally, because petitioner was never charged with violating respondents’ policy regarding trooper court time, but was only charged with misconduct for lying to a superior, we do not review petitioner’s challenge to the propriety of a policy that was only tangentially related to the disciplinary penalty. Present—Pigott, Jr., PJ, Pine, Scudder, Gorski and Lawton, JJ.