## (March 14, 1974)

■ In the Matter of JAMES K. CARNEY, Petitioner, v. WILLIAM E. KIRWAN, JR., as Superintendent of the New York State Police, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Sullivan County) to review a determination of the Superintendent of State Police dismissing petitioner from his position as a State Trooper. This proceeding involves several charges concerning petitioner's relationship with one Cerniglia whose activities were the subject of a State Police investigation. Petitioner, a State Trooper since 1962, was stationed at Ferndale, New York. After filing a criminal intelligence summary on Cerniglia in October of 1968 which listed his past criminal record and present suspicious activities, on his own admission, petitioner continued to maintain his association and friendship with him over a period of a year and a half. Prior to April

1, 1970, a State Police investigation of Cerniglia, one De Gregorio and another was being conducted in connection with illegal traffic in narcotics. When petitioner learned on April 1, 1970 that an unusual and intense State Police air and ground surveillance on Cerniglia and De Gregorio was being made on that day, he disclosed such fact to another, not a member of the Division of State Police, and he, along with the other, left petitioner's home in an effort to find Cerniglia. There is evidence that he did locate him in a telephone booth and sufficiently communicated with him so as to direct Cerniglia to follow him to his home. While at his home, petitioner informed Cerniglia and De Gregorio of the State Police surveillance, which petitioner claims they already knew. Although contradicted, there is proof in the record that it was not until three hours later, upon receipt of a phone call from an investigator, that petitioner disclosed to any of his superiors that Cerniglia and De Gregorio had been at his home, were aware of the surveillance and that they had left for New York City. Charges as to termination of a potentially useful New York State Police investigation were sustained insofar as such investigation concerned the Sullivan County area. The charge of drinking an alcoholic beverage while on duty was admitted by petitioner. Without determining whether or not illegal wiretap evidence was used against petitioner, we conclude that the mere erroneous receipt of any such evidence is not a sufficient basis for annulling respondent's determination since there is ample other evidence to sustain it. (Cf. *Matter of Sowa* v. *Looney*, 23 N Y 2d 329, 335.) An examination of the entire record reveals that there is substantial evidence to support respondent's finding of petitioner's misconduct. As we stated in *Matter of Olivo* v. *Kirwan* (37 A D 2d 665), a State Trooper holds a position of great sensivity and trust. The imposition of the penalty of dismissal was not so disproportionate to the seriousness of the offense, in the light of all the circumstances, as to warrant a reduction thereof by this court. We have examined the other issues raised by petitioner and find them to be without merit. Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.