■ In the Matter of DAVID M. MILLER, Petitioner, v JAMES W. McMAHON, as Superintendent of the New York State Police, et al., Respondents. [658 NYS2d 512] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of State

Police which dismissed petitioner from his employment with the State Police.

Petitioner, a State Police Investigator, was found guilty of violating several provisions of the State Police Rules and Regulations and dismissed from the Division of State Police. The charges arise out of petitioner's participation in a multi-jurisdictional police execution of a search warrant for narcotics in an apartment in the Village of Clyde, Wayne County. Evidence adduced at a hearing established that during the course of the search, petitioner removed a $50 bill from the purse of the apartment's occupant. Prior to the search, petitioner had been instructed that, as was regular procedure for the execution of search warrants, one designated investigator would collect all discovered evidence. When State Police Investigator Michael Piontkowski—who had been informed by other officers that the purse contained $50—went to collect this money, he discovered that it was missing. After a search of the purse and apartment did not produce the $50 bill, all officers and investigators involved in the search were asked on two separate occasions—initially on the scene and again at the police station—by Senior Investigator Donald Wentworth to come forward with any information about the missing money.

Not only did petitioner fail to come forward on either occasion and admit that he removed the $50 bill, he participated in a "search" for it with other members of the search team. When Wentworth and other officers went back to the apartment to continue searching for the money, petitioner finally told Piontkowski that he had the money in his car and then asked him to "put it with the other [seized] money". It was only after Piontkowski refused this request that petitioner came forward and admitted to Wentworth that he removed the bill. He claimed, however, that he merely moved the money under a pile of clothes in the bedroom. Petitioner acknowledged that his actions were wrong, but claimed that he moved the money into the bedroom to bring it closer to drugs and other money discovered in that room. This, according to petitioner, would improve the likelihood that this $50 would be subject to forfeiture.

In view of the foregoing hearing testimony, we find that there is substantial evidence to support the determination that he violated regulation 8.44 of the State Police Rules and Regulations* by committing petit larceny (see, Penal Law § 155.25). Petitioner has waived the right to argue that the other viola-

---

* This regulation prohibits a member of the Division of State Police from, *inter alia,* knowingly or willfully violating any State law.

tions of the State Police Rules and Regulations were not supported by substantial evidence as he failed to raise these claims in the petition (*see, e.g., Matter of Salahuddin v Coughlin*, 222 AD2d 950, *lv denied* 88 NY2d 806, *cert denied* — US —, 117 S Ct 317; *Matter of Malverne Union Free School Dist. v Sobol*, 181 AD2d 371; *Matter of Rodriguez v Scully*, 172 AD2d 931; *Matter of Cocozzo v Ward*, 162 AD2d 202; *Matter of David v Christian*, 134 AD2d 349). In any event, there is substantial evidence to support the conclusion that petitioner violated regulation 8.44 by knowingly committing an unauthorized act in the course of his public duties (*see*, Penal Law § 195.00), violated regulation 8.11 by failing to properly identify, secure and deliver seized money, and engaged in misconduct sufficient "to bring discredit upon the Division [of State Police]" in violation of regulations 8.41 (a) (1) and (2).

The conclusory claim in the petition that the Hearing Board engaged in ex parte communications with members of the State Police force in contravention of 9 NYCRR 479.8 (d) does not warrant remittal to Supreme Court for a hearing. Petitioner's allegation, lacking any specificity, is unaccompanied by supporting "affidavits or other written proof" (CPLR 7804 [d]). Accordingly, petitioner has failed to raise an issue of fact on this sufficient for Supreme Court review (*see*, CPLR 7804 [h]; *see also, Matter of Lassone v Whalen*, 79 AD2d 1075, 1076; *Matter of Feigman v Klepak*, 62 AD2d 816, 819-820; *cf., Matter of Spetalieri v Quick*, 96 AD2d 611).

Finally, we are satisfied that dismissal from the Division of State Police was not an inappropriate penalty in this case. The test to be applied in reviewing the severity of a sentence imposed in the administrative context is whether the penalty, in light of all circumstances, is so disproportionate to the offense as to shock one's sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). Significantly, "[m]uch deference is to be afforded to an agency's determination regarding a sanction, especially in situations where, as here, matters of internal discipline in a law enforcement organization are concerned" (*Matter of Santos v Chesworth*, 133 AD2d 1001, 1003). Here, petitioner not only took money, albeit a small amount, during the course of his employment as a State Police Investigator, but he did not take responsibility for this conduct until after he learned that other officers knew of its disappearance and after an unsuccessful attempt to induce another officer to cover up his misconduct. Although dismissal is a grave sanction, so was the conduct of petitioner as "[t]he smallness of the value of the property [he] stole does not diminish the moral

turpitude thus disclosed. Nor does it ameliorate the destructive impact such conduct tends to have on the confidence which it is so important for the public to have in its police officers" (*Matter of Alfieri v Murphy*, 38 NY2d 976, 977; *see, Matter of Moore v Constantine*, 191 AD2d 769, 772 ["Dismissal is an appropriate penalty for a police officer found guilty of stealing"]).

Cardona, P. J., Mercure and White, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.