■ In the Matter of JAMES E. DOOLITTLE, Petitioner, v JAMES W. McMAHON, as Superintendent of the New York State Police, Respondent. [665 NYS2d 739] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which terminated petitioner's employment as a State Police officer.

On June 27, 1994, petitioner and Warren Meizner, a fellow

State Trooper, responded to a call at a residence in the Town of Deerfield, Oneida County. While the matter was being handled pursuant to the Mental Hygiene Law, Dorothy Snyder, the mother of the individual involved, turned over a .32-caliber semiautomatic pistol to Meizner which she stated had belonged to her deceased brother and which she did not want in the house. After discussing the matter with a superior and a conversation with petitioner, Meizner took the weapon from Snyder and gave her a receipt. The two officers returned to the police station and petitioner, after test-firing the gun behind the station, discussed purchasing it from Meizner.

Thereafter, Meizner sold the gun to petitioner for $50 but the acquisition of the weapon was not listed on the activity log by either petitioner or Meizner. Petitioner then prepared a State Police Acquisition or Disposition of Firearm Report (hereinafter D Form) so that the gun could be placed on his badge. Meizner, who called Snyder for certain information, assisted petitioner in completing the D Form. Although petitioner contends that Meizner submitted the form and Meizner testified that he gave the completed form to petitioner for filing, it is undisputed that the D Form was submitted to the pistol permit section and stated that petitioner obtained the firearm from Snyder. However, this form was rejected as it was outdated and records showed that the gun had never been registered to Snyder.

At this point the station commander commenced an investigation to determine how petitioner obtained the weapon and whether proper internal procedures had been followed. In the meantime petitioner filled out a new D Form, including the same information that was on the original and submitted it to the station commander along with a memorandum explaining how the weapon had been acquired. As a result of the subsequent investigation, petitioner was charged with violating State Police regulations by knowingly violating Penal Law § 155.30 (7) (larceny), § 175.30 (offering a false instrument for filing) and § 195.00 (official misconduct). A hearing was held before a Hearing Board, petitioner was found guilty of all charges and dismissal was recommended. Respondent adopted the Hearing Board's findings of fact and recommendations and petitioner was dismissed. Petitioner commenced this CPLR article 78 proceeding to annul the determination and the matter has been transferred to this Court.

In a proceeding such as this our function is to review the administrative determination made after a hearing, and our consideration is limited to finding whether upon the record as

a whole the decision is supported by substantial evidence (*see, Matter of Lahey v Kelly*, 71 NY2d 135, 140; *Matter of Pell v Board of Educ.*, 34 NY2d 222). In assessing whether an administrative decision is supported by substantial evidence, the inquiry is whether the finding is supported by the type of evidence that a reasonable mind might accept as adequate to support the conclusion reached (*see, Matter of Healey v Clinton-Fine Cent. School Dist.*, 240 AD2d 892, 893). Using this standard we find that the record contains substantial evidence to support the determination that petitioner knowingly violated the three sections of the Penal Law, as charged.

As to the larceny charge, it is undisputed that the pistol in question was not registered to anyone in the Snyder household and was a nuisance weapon which was required to be surrendered to respondent (*see*, Penal Law § 400.05 [1]). Rather than surrendering the pistol as required, Meizner sold the pistol to petitioner who was then under an obligation to surrender it to respondent. Petitioner, rather than surrendering the firearm, attempted to convert it as his own property by filling out a D Form which was false. Thus, petitioner was guilty of a larceny by intending to appropriate the pistol to himself and wrongfully withholding said property from its legitimate owner, respondent, whose right to possession was superior to that of petitioner.

There was also substantial evidence in the record to find that petitioner offered a false instrument for filing. After helping to prepare and submit an outdated D Form which was returned, petitioner submitted a proper D Form which again falsely stated that he acquired the weapon from Snyder. Although petitioner contends that Meizner filled out a portion of the form and that he was unaware of the misinformation regarding the prior owner of the gun, this testimony conflicts with that of other witnesses. The Hearing Board viewed petitioner's testimony as not credible and it is well settled that issues of credibility are for the fact finder (*see, Matter of Perez v Wilmot*, 67 NY2d 615, 617). Since the duty to weigh the evidence and resolve conflicts in testimony lies with the administrative agency (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443), we may not substitute our judgment for that of the Hearing Board. Therefore, the Board was justified in disbelieving petitioner's testimony and concluding that he submitted a written instrument containing false information with knowledge or belief that it would become part of the records of the State Police. Thus, petitioner offered a false instrument for filing even though the instrument may not have been filed personally by

him (*see, People v Bel Air Equip. Corp.*, 39 NY2d 48, 55-56; *People v Papatonis*, 243 AD2d 898).

Finally, there was substantial evidence to support the Hearing Board's conclusion that petitioner, a public servant, knowingly engaged in official misconduct by purchasing the pistol from Meizner knowing that it was not lawfully possessed by him. Petitioner acquired the weapon in an unauthorized manner for his own benefit while acting in his official capacity as a State Trooper and was under a duty to surrender the gun as a nuisance weapon to respondent. Not having done so, petitioner was guilty of official misconduct.

Petitioner also contends that his dismissal from the State Police was not warranted; however, given the circumstances of this case the penalty of dismissal was not so disproportionate as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ., supra; Matter of Lago v County of Ulster*, 228 AD2d 905, 906, *lv denied* 88 NY2d 815).

For these reasons we confirm respondent's determination and accordingly, dismiss the petition.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.