■ In the Matter of TIMOTHY T. JACKSON et al., Petitioners, v JAMES W. MCMAHON, as Superintendent of the Division of New York State Police, Respondent. [711 NYS2d 616] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to, *inter alia*, review four determinations of respondent which found petitioners guilty of misconduct and imposed penalties.

Petitioners Timothy T. Jackson, Seth H. Johnson, Thomas D. Pennington and Daryl D. Williams are State Troopers who were assigned to patrol portions of the Thruway during the early morning hours of March 1, 1998. While on duty, Williams

---

and Pennington stopped their patrol vehicle at a U-turn located at the 312.4 milepost marker and set up radar. Jackson and Johnson parked their patrol vehicle at a U-turn located at the 330.1 milepost marker for the same purpose. While petitioners were parked, Sergeant Gary Henderson conducted random supervisory checks of their vehicles and made observations leading him to conclude that petitioners were asleep, resulting in disciplinary charges.

Thereafter, a hearing was held before a Hearing Board of the Division of State Police and, upon conclusion, the Board issued findings and recommendations with respect to each petitioner. Specifically, the Board found, *inter alia*, that (1) Jackson was guilty of misconduct (charge II) and neglecting his duties (charge III), and should be suspended without pay for 10 days and censured, (2) Johnson was guilty of misconduct (charge II) and neglecting his duties (charge III), and should be suspended without pay for 15 days and censured, (3) Pennington was guilty of misconduct (charge I) and failing to assume responsibility or exercise diligence in performing his duty to patrol his assigned post (charge II), and should be suspended for 10 days without pay and censured, and (4) Williams was guilty of misconduct (charge V) and failing to assume responsibility or exercise diligence in performing his duty to patrol his assigned post (charge VI), and should be suspended for 20 days without pay and censured.* Respondent issued determinations adopting the Board's findings and recommendations with respect to each petitioner, resulting in the commencement of this CPLR article 78 proceeding.

Petitioners argue, *inter alia*, that the determinations are not supported by substantial evidence. Based upon our review of this record, we disagree. Henderson gave detailed testimony concerning his observations of petitioners while performing supervisory checks on March 1, 1998. He stated that he left his post at approximately 3:00 A.M. to commence random checks of Troopers patrolling the Thruway and, as he approached milepost marker 312.4, he noticed a patrol vehicle sitting in the U-turn. After passing the U-turn, he stated that he turned around and reapproached the patrol vehicle with his headlights on at which time he could clearly see inside. He testified that he observed Williams reclined in the car and Pennington sitting upright and they both had their eyes closed. Henderson related that he parked approximately three feet away from

---

* The Board found Johnson and Williams guilty of other charges unrelated to the March 1, 1998 incidents; however, they are not at issue in this proceeding.

their car, turned off his lights, rolled down his window and proceeded to watch them for about two to three minutes without response. He stated that he activated his dome light, but that did not elicit a response. He testified that after he honked his horn three or four times, Pennington rolled down the window. He stated that he cautioned Pennington that they had to stay awake and Pennington responded that they were awake. Henderson indicated that, after speaking with Pennington, he noticed that Williams was still reclined and asked him if he was awake, to which he responded "yes".

Henderson testified that he then proceeded to milepost marker 330.1 where he observed another patrol vehicle parked in the U-turn. He indicated that he pulled parallel to the vehicle approximately 18 inches from the passenger door and, when he looked inside, noticed Johnson and Jackson in reclined positions in the front seat with their eyes closed. He stated that he observed them for a few minutes and then shined a flashlight on their faces; however, that did not get their attention. Henderson testified that he finally tapped the edge of the flashlight on the window which caused them to open their eyes and pull their seats forward. He stated that Johnson proceeded to roll down the window at which time he warned them that they had to stay awake while on duty. Henderson stated that he reported both incidents to Sergeant Charles Jones later that morning.

While petitioners denied that they were sleeping when approached by Henderson and submitted testimony casting doubt on the accuracy of his observations, this presented a question of credibility which the Board was free to resolve against petitioners (*see, Matter of Silberfarb v Board of Coop. Educ. Servs.,* 60 NY2d 979, 981; *Matter of Hricik v McMahon,* 247 AD2d 935, 936). We note that "[i]n assessing whether an administrative decision is supported by substantial evidence, the inquiry is whether the finding is supported by the type of evidence that a reasonable mind might accept as adequate to support the conclusion reached" (*Matter of Doolittle v McMahon,* 245 AD2d 736, 738). Applying these standards, we cannot say that Henderson's testimony does not support the findings of guilt and, therefore, we decline to disturb the Board's determinations.

Turning to petitioners' arguments concerning the penalties imposed herein, we are mindful that "[m]uch deference is to be afforded to an agency's determination regarding a sanction, especially in situations where, as here, matters of internal discipline in a law enforcement organization are concerned" (*Matter of Santos v Chesworth,* 133 AD2d 1001, 1003). In light of this

and under the particular circumstances presented herein, we do not find the penalties imposed upon petitioners "so disproportionate to the offense as to shock one's sense of fairness" (*Matter of Miller v McMahon*, 240 AD2d 806, 808; *see*, *Matter of Doolittle v McMahon*, *supra*, at 739).

Mercure, Crew III, Spain and Lahtinen, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.