■ In the Matter of DOUGLAS A. WILBURN, Petitioner, v JAMES W. McMAHON, as Superintendent of State Police, et al., Respondents. [745 NYS2d 615] —Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Schoharie County) to review a determination of respondent Superintendent of State Police terminating petitioner's employment with respondent Division of State Police.

Petitioner, a State Trooper, was accused of violating various State Police regulations, namely, (1) leaving his assigned post without the approval of his radio control point, (2) using his position as a member of the State Police to obtain information for a personal reason, and (3) engaging in conduct that tended to discredit respondent Division of State Police (hereinafter the Division). The latter two charges stemmed from allegations that, while on duty and in uniform, petitioner obtained the names of two male college students who had asked him for directions which he later used to ascertain their e-mail addresses. Petitioner sent the individuals e-mail messages under a false name from his home computer inquiring into their sexual orientation and asking if either of them would be interested in meeting him to talk and have lunch.

In March 2001, a hearing on the charges was held before a panel of three commissioned officers from the Division, which found petitioner guilty of all charges and recommended termination. Respondent Superintendent of State Police adopted the findings along with the recommendation and dismissed petitioner from his employment. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the findings of guilt with respect to charges (2) and (3) and the penalty imposed.

Initially, we conclude that the findings of guilt as to the challenged charges are supported by substantial evidence. Specifically, petitioner admitted that the students were willing to provide their names because he was a State Trooper and he "had no valid law enforcement reason" to request their names. Petitioner thereafter obtained the means to access the e-mail addresses of the students from a friend who told him she suspected one of the students was gay or bisexual and would benefit by attending a campus gay and bisexual support group meeting. However, petitioner's messages to the students under the screen name "Like2tryu2," one of which had "BI MALE HERE" as its subject heading, were signed "Dale" and did not mention any support groups. The students were upset, angry and alarmed when they received the messages, especially since the author indicated that he knew the students. Upon discovering petitioner's identity, the students registered complaints with the State Police. While petitioner admitted the pertinent facts, he claimed his motivations were altruistic and, at worst, constituted excusable poor judgment.

It is not the function of this Court to weigh the evidence presented at a hearing or "substitute its judgment for that of [the Superintendent]" (*Matter of Novotny v Constantine*, 150 AD2d 852, 853; *see, Matter of Farwell v Chesworth*, 116 AD2d 802, 803). Rather, we must simply review "whether the [Superintendent's] decision was supported by substantial evidence upon the entire record" (*Matter of Di Rienz v Constantine*, 151 AD2d 953, 954; *see, Matter of Farwell v Chesworth, supra* at 803). Here, the record clearly supports respondents' findings as to the challenged charges. Regardless of the merit of petitioner's testimony regarding his motivation which, in fact, was specifically not credited by respondents, the fact remains that he used his position as a State Trooper to obtain information for personal reasons, i.e., purposes unrelated to his law enforcement duties. Furthermore, the students he contacted were upset and alarmed by the e-mails. One of them testified that he "didn't expect that to happen from a State Trooper" and the

other "wonder[ed] what kind of people they hire if they're going to do that." This proof supported the finding that petitioner's conduct tended to discredit the State Police.

Finally, we are unpersuaded by petitioner's challenge to the penalty. Notably, where, as here, respondents' determination of an appropriate sanction involves a matter of internal discipline within a law enforcement organization, it is entitled to deference (see, Matter of Elwood v Constantine, 213 AD2d 870; Matter of Di Rienz v Constantine, supra at 955). Although petitioner maintains that termination was disproportionate to the offenses committed, we note that respondents did not rely solely upon the subject charges in determining the penalty. Respondents properly considered petitioner's employment record over 10 years which contained approximately 16 founded complaints, including, inter alia, neglect of duty and incompetence (see, Matter of Elwood v Constantine, supra at 872). Given the circumstances, we do not find the penalty of termination to be so disproportionate as to be shocking to one's sense of fairness (see, id.).

Crew III, Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.