■ In the Matter of STEVEN B. MOKSZYCKI, Petitioner, v JAMES W. McMAHON, as Superintendent of the New York State Police, et al., Respondents. [774 NYS2d 843]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of the New York State Police which found petitioner guilty of misconduct and imposed penalties.

Petitioner, a State Trooper, was charged with misconduct for

advising a friend to revoke her consent to the search of her residence by other troopers who were conducting a marihuana investigation. A Hearing Board of respondent Division of State Police found that petitioner was guilty as charged, should be suspended without pay for 30 days and then subject to six months' probation. Respondent Superintendent of the New York State Police (hereafter respondent) adopted the Board's findings and suspended petitioner, resulting in commencement of this CPLR article 78 proceeding.

We are unpersuaded by petitioner's argument that substantial evidence does not support respondent's determination. The testimony established that petitioner gave his friend the idea that she could revoke her consent. The friend then asked petitioner if he was sure she could tell the troopers to stop and throw them out of her home, and he advised her that she could. Also, petitioner was heard to warn her that additional charges could be brought against her if she did not revoke her consent. Although petitioner denied making that statement, this presented a question of credibility which the Board was free to resolve against him (*see Matter of Silberfarb v Board of Coop. Educ. Servs., Third Supervisory Dist., Suffolk County,* 60 NY2d 979, 981 [1983]; *Matter of Hricik v McMahon,* 247 AD2d 935, 936 [1998]). Here, petitioner went beyond advising his friend of her rights. Instead, he advocated that she affirmatively do something to minimize the charges that could be brought against her during an ongoing police investigation. Thus, we find that the evidence amply supports respondent's rational conclusion that petitioner engaged in misconduct in violation of the applicable regulation (*see Matter of Berenhaus v Ward,* 70 NY2d 436, 443 [1987]).

Turning to petitioner's argument that the penalties imposed for his conduct were too severe, we afford considerable deference to an agency's determination regarding a sanction, "especially in situations where . . . matters of internal discipline in a law enforcement organization are concerned" (*Matter of Santos v Chesworth,* 133 AD2d 1001, 1003 [1987]; *see Matter of Kelly v Safir,* 96 NY2d 32, 38 [2001]). Under the circumstances, we do not find the penalties imposed so disproportionate to the offense as to shock our sense of fairness (*see Matter of Miller v McMahon,* 240 AD2d 806, 808 [1997]; *see Matter of Gadway v Connelie,* 101 AD2d 974, 974 [1984]).

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.