In the Matter of JASON A. TESSIERO, Petitioner, v WAYNE E. BENNETT, as Superintendent of the New York State Police, et al., Respondents. [857 NYS2d 271]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of the State Police which found petitioner guilty of misconduct and terminated his employment.

Following a disciplinary hearing, a Hearing Board recommended that petitioner, a State Trooper, be found guilty of six charges of misconduct stemming from his interactions with two women between March 2006 and July 2006 and further recommended that he be terminated. Respondent Superintendent of the State Police accepted the Hearing Board's findings and terminated his employment. This CPLR article 78 proceeding, which has been transferred to this Court (*see* CPLR 7804 [g]), ensued.

Four of the six charges pertain to petitioner's late night arrest of a 23-year-old woman who attempted to avoid a police road block and then failed field sobriety tests upon being pulled over by petitioner. Even though this woman was showing obvious signs of intoxication (she smelled of alcohol, slurred her speech and had bloodshot, watery eyes) and even though her blood alcohol content (hereinafter BAC) measured three times the legal limit on a breathalyzer machine (0.25%), petitioner released her from custody without charges, claiming to have misread the machine as indicating a BAC of only .025%. This "mistake" was ultimately discovered prompting an internal affairs investigation. During the course of this investigation, petitioner engaged in a flirtatious exchange with another young woman while investigating a burglary. Two weeks later, petitioner went to this second woman's place of employment for a social visit while on duty and in uniform. His conduct in this regard formed the basis of the remaining two charges.

In finding petitioner guilty of misconduct stemming from his handling of the subject intoxicated female driver, the Hearing

Board found that he intentionally misread the breathalyzer to pursue a social relationship with her. Petitioner claims that the record lacks substantial evidence to support this finding. As petitioner's motivation in dealing with this woman was the central issue before the Hearing Board and this Court will not " 'second guess the credibility determinations of the administrative factfinder' " (*Matter of McKinney v Bennett*, 31 AD3d 860, 861 [2006], quoting *Matter of Stephen FF. v Johnson*, 23 AD3d 977, 978 [2005]; *see Doolittle v McMahon*, 245 AD2d 736, 738 [1997]; *Matter of Douglas v Constantine*, 151 AD2d 811, 812 [1989]), we reject petitioner's argument.

The testimony established that petitioner made an inappropriate social comment to this woman, who by all accounts was young, single and attractive, while she was still in custody. Moreover, even though petitioner purportedly believed that her BAC was well *below* the legal limit based on his reading of the breathalyzer machine itself, other conduct on his part was inconsistent with this claimed misreading. First, he signed a printed version of the test results which clearly states, directly above his signature, that her BAC was "0.25%." Next, he manually entered the correct BAC into a report. Finally, he arranged for her to be driven home.

Additionally, within an hour of the woman's release, petitioner left a voice mail message for her using his personal cell phone expressing his hope that she made it home safely.* Later that same day, he placed three additional calls to her, which he himself admitted were social in nature. During the course of these calls, according to the woman, he joked about her intoxicated behavior early that morning and informed her that they were free to date since he did not arrest her. He then met up with her at a local bar that evening where joking again took place about the morning's events.

Notably, the woman testified that she was uncomfortable with the whole situation because it was clear to even her that petitioner knew she was drunk but did not arrest her. Indeed, she described petitioner's contact with her as "very inappropriate" and "really weird." Although petitioner testified that he made an honest series of mistakes after a long tour of duty, his testimony was simply not credited by the Hearing Board, which was its province (*see Matter of Mokszycki v McMahon*, 6 AD3d 952, 953 [2004]; *Matter of Jackson v McMahon*, 275 AD2d 546,

---

* Petitioner testified that the woman asked him to place this call and therefore he did so in his professional capacity, albeit it from his personal phone. It was clear from the woman's testimony, however, that she was surprised by this message.

548 [2000]). Thus, the evidence amply supports the Hearing Board's factual determination that petitioner intentionally failed to charge this woman with driving while intoxicated with the hope of establishing a social relationship with her.

We are likewise unpersuaded that the determination finding him guilty of misconduct stemming from his contact with the second woman is not supported by substantial evidence. Petitioner admitted during his testimony that, while he himself was being investigated in connection with the first incident, he flirted with this woman while investigating a burglary and ultimately placed a social visit to her at her place of employment while on duty and in uniform. This proof supports the Hearing Board's conclusion that petitioner engaged in misconduct by using his position as a State Trooper to enhance a social relationship and that he acted in a manner tending to bring discredit upon the Division of State Police (*see Matter of Wilburn v McMahon*, 296 AD2d 805, 806-807 [2002]).

Finally, under these circumstances, the penalty of dismissal does not shock our sense of fairness (*see Matter of Miller v McMahon*, 240 AD2d 806, 808 [1997]; *Matter of Costa v McMahon*, 225 AD2d 694, 695 [1996]).

Cardona, P.J., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.