■ In the Matter of CHRISTINE A. REVELLA, Petitioner, v PRESTON L. FELTON, as Acting Superintendent of the New York State Police, Respondent. [875 NYS2d 316]—

Malone Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, among other things, found petitioner guilty of misconduct and reassigned her to a lower rank.

Petitioner, a zone sergeant with the State Police, was served with a notice of discipline charging her with three violations of State Police regulations as the result of an incident on August 12, 2006 involving her off-duty pursuit of another vehicle for reckless driving. The incident started on Interstate 84 when petitioner was driving her personal vehicle, with her husband, a captain with the Department of Environmental Conservation police, as a passenger. She noticed a white Toyota Camry, driven by Dana Sano, who was accompanied by a female passenger, approaching from behind at a high rate of speed. After the vehicle passed, petitioner observed that it was being driven erratically. She proceeded to follow the vehicle through a tollbooth exit and through a number of red lights until arriving at a hotel in the Town of Fishkill, Dutchess County. During this time, a number of events occurred escalating the intensity of the pursuit, including an attempt by petitioner's husband to stop the vehicle as it exited the tollbooth and emergency 911 phone calls by the occupants of both vehicles, culminating in a confrontation at the hotel to which other law enforcement officers responded.

The first violation set forth in the notice of discipline charged petitioner with exhibiting inaptitude and failing to assume

responsibility or exercise due diligence in the performance of her duties. The second violation charged petitioner with acting in a manner tending to bring discredit upon the State Police. The third violation charged petitioner with failing to act in a courteous, dignified and businesslike manner. A hearing on the charges was subsequently conducted, resulting in a decision by the Hearing Board recommending that petitioner be found guilty of the second charge, and that she receive a letter of censure and be placed on six months of probation. Respondent adopted the Hearing Board's recommendation, but rather than placing petitioner on probation, reassigned her to the rank of sergeant. Petitioner commenced this CPLR article 78 proceeding challenging this determination.

Initially, we note that "[o]ur role is limited to determining whether the administrative decision is supported by substantial evidence" (*Matter of Taylor v New York State Div. of State Police*, 28 AD3d 978, 979 [2006]; *see Doolittle v McMahon*, 245 AD2d 736, 737-738 [1997]). In undertaking this inquiry, we "will not 'second guess the credibility determinations of the administrative factfinder' " (*Matter of McKinney v Bennett*, 31 AD3d 860, 861 [2006], quoting *Matter of Stephen FF. v Johnson*, 23 AD3d 977, 978 [2005]).

In the case at hand, Sano and her passenger testified at the hearing regarding the events that occurred on the date in question. Sano related that, after passing the vehicle that petitioner was driving, petitioner flashed her lights and began tailgating Sano's vehicle. She stated that, when she passed through the tollbooth exit, petitioner's vehicle stopped and that Sano displayed her middle finger, at which point petitioner's husband exited the vehicle yelling and flaring his arms trying to get her to stop. She stated that she was fearful and proceeded to drive away, calling 911 and traveling through a number of red lights before reaching the hotel where her friends were staying. She stated that petitioner's vehicle followed her to the hotel and that petitioner's husband confronted her and her friends, telling her that she was going to be arrested. She indicated that, during this time, petitioner did not identify herself as a police officer or try to diffuse the situation. Ultimately, the situation was resolved by police officers who responded to the scene and no traffic tickets were issued. Sano's testimony was corroborated by her passenger.

Petitioner related a slightly different version of events, but essentially admitted that, in her pursuit of Sano's vehicle, she exceeded the speed limit, crossed official highway markings and drove through red lights. Given these clear violations of the Ve-

hicle and Traffic Law (*see* Vehicle and Traffic Law § 1111 [d] [1]; § 1128 [d]; § 1180 [b]), substantial evidence supports respondent's finding that petitioner violated a pertinent regulation and brought discredit upon the State Police. Furthermore, according "deference to an agency's determination regarding a sanction, 'especially in situations where . . . matters of internal discipline in a law enforcement organization are concerned' " (*Matter of Mokszycki v McMahon*, 6 AD3d 952, 953 [2004], quoting *Matter of Santos v Chesworth*, 133 AD2d 1001, 1003 [1987]), we do not find petitioner's reassignment to the rank of sergeant shocking to our sense of fairness (*see Matter of Tessiero v Bennett*, 50 AD3d 1368, 1370 [2008]; *Matter of Wilburn v McMahon*, 296 AD2d 805, 807 [2002]). Therefore, respondent's determination must be confirmed.

Cardona, P.J., Lahtinen and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.