■ In the Matter of JEFFREY C. SALATEL, Petitioner, v NEW YORK STATE POLICE et al., Respondents. [951 NYS2d 263]—

Peters, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of the State Police terminating petitioner's employment as a State Trooper.

Following a disciplinary hearing, a Hearing Board recommended that petitioner, a State Trooper, be found guilty of 10 charges of misconduct stemming from his interaction with four women during traffic stops between May 2008 and November 2009 and that he be terminated from his position. The charges included criminal misconduct and receiving bribes, as well as

violating certain State Police regulations regarding sexual harassment and departmental misconduct. Respondent Superintendent of the State Police accepted the Hearing Board's recommendation and terminated petitioner's employment. This CPLR article 78 proceeding ensued.

We confirm. This Court "will not substitute its judgment for that of [the Superintendent] if his conclusion is reasonably supported by the record" (*Matter of Novotny v Constantine*, 150 AD2d 852, 853 [1989]; *accord Matter of Wilburn v McMahon*, 296 AD2d 805, 806 [2002]). Here, a woman testified that she was pulled over by petitioner for speeding. According to the woman, she asked petitioner not to give her a ticket and he went back to his patrol car to "think about it." When petitioner returned to her car, he repeatedly asked the woman to "show me your boobs." Finally, after the woman asked petitioner to just give her the ticket so she could leave, petitioner issued the ticket. The woman called her mother immediately after being allowed to drive away and informed her of petitioner's conduct. Her mother testified that she then contacted the State Police, who informed her to report the incident to her local police department, which she did. In contrast, petitioner denied making any inappropriate comments to the woman.

Another woman testified that she was also pulled over by petitioner for speeding. Petitioner again did not issue a ticket right away, but instead told the woman he was reluctant to issue a ticket and told her that he was trying to help her out and that she needed to work with him. He then told her she was "a very pretty young girl" and had her get out of her car and get into his patrol car. At that point, he pushed the car seat all the way back, he began adjusting his belt and again asked her to work with him and stated that she was not "helping me help you." According to the woman, she then took out her cell phone and petitioner's attitude changed; he eventually issued her a ticket. Petitioner recounted a different version of events, testifying that shortly after he had approached the car, the driver "yanked down her shirt" exposing her cleavage in an effort to avoid a ticket, that he asked her to get into his car in order to detect whether she was under the influence of drugs or alcohol and that there was never a sexual connotation to his conversation with her.

Finally, two other women similarly testified that petitioner offered them a chance to avoid being issued a ticket and that he told one of them that she should "try to sell yourself to get out of the ticket." Although petitioner denied any wrongdoing in the four traffic stops, inasmuch as this Court "will not 'second

guess the credibility determinations of the administrative fact-finder' " (*Matter of Tessiero v Bennett*, 50 AD3d 1368, 1369 [2008], quoting *Matter of McKinney v Bennett*, 31 AD3d 860, 861 [2006]), we conclude that petitioner's guilt is supported by the record and the Superintendent's determination will not be disturbed (*see Matter of Bassett v Fenton*, 68 AD3d 1385, 1387 [2009]; *Matter of Tessiero v Bennett*, 50 AD3d at 1369-1370). Finally, considering the nature of petitioner's conduct, the penalty of termination does not shock our sense of fairness (*see Matter of Tessiero v Bennett*, 50 AD3d at 1370; *Matter of McKinney v Bennett*, 31 AD3d at 862).

Lahtinen, Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.