# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

300

TP 13-01542

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND WHALEN, JJ.

---

IN THE MATTER OF FREDERICK FRANKLIN, JR.,
PETITIONER,

V                                              MEMORANDUM AND ORDER

JOSEPH A. D'AMICO, SUPERINTENDENT, NEW YORK
STATE DIVISION OF STATE POLICE, RESPONDENT.

---

HARRIS BEACH PLLC, BUFFALO (RICHARD T. SULLIVAN OF COUNSEL), FOR
PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Joseph R. Glownia, J.], entered March 26, 2013) to annul a determination of respondent. The determination dismissed petitioner from the Division of State Police.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner, a former New York State Trooper, commenced this CPLR article 78 proceeding seeking to annul respondent's determination finding him guilty of misconduct or, in the alternative, to vacate the penalty of dismissal. He contends that the determination is not supported by substantial evidence and that the penalty is shocking to one's sense of fairness.

Petitioner, a Trooper for over 18 years, was a member of a social club that rented its clubhouse to another Trooper, who used the premises to host parties where strippers performed. Several witnesses, including two other Troopers who attended one party, testified that the strippers performing at the parties also engaged in prostitution, i.e., exchanging sexual favors for money, and that they used the second floor of the clubhouse to do so. It is undisputed that alcohol was sold to patrons attending the parties, despite the fact that the club did not have a license to sell alcohol. Petitioner admitted that he was present for three such parties. In the charges against petitioner, it was alleged that he knew of the illegal activities and did not take proper police action to stop them; that he knowingly frequented an establishment where violations of the law

existed; that he provided false information during the internal investigation; and that, by his conduct, he brought discredit to the Division of State Police. Following a hearing conducted by a Hearing Board (*see* 9 NYCRR 479.7), all but one of the charges against him were sustained. Respondent accepted the findings and recommendations of the Hearing Board and dismissed petitioner from the Division of State Police.

It is well established that, "[i]n CPLR article 78 proceedings to review determinations of administrative tribunals, the standard of review for the Appellate Divisions and th[e] Court [of Appeals] is whether there was substantial evidence to support the Hearing Officer's decision" (*Matter of Wilson v City of White Plains*, 95 NY2d 783, 784-785; *see* CPLR 7803 [4]; *Matter of Kelly v Safir*, 96 NY2d 32, 38, *rearg denied* 96 NY2d 854; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231). Contrary to petitioner's contention, we conclude that respondent's determination is supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180).

Although petitioner denied having any knowledge of the illegal activities taking place at the parties, there was substantial evidence establishing the contrary, i.e., that he was aware of those activities. He gave numerous inconsistent statements regarding whether he knew the club lacked a liquor license. He evaded answering basic questions, and the Hearing Board found incredible his testimony that he had no idea what the term "extras" meant in relationship to strippers. When asked by one patron at a party what was occurring on the second floor, petitioner told the patron, "you don't want to know," thereby implying that petitioner knew what was occurring. Inasmuch as others who attended the parties assumed that prostitution was occurring on the second floor, the Hearing Board concluded that it was reasonable to assume that a Trooper with over 18 years of experience "would surmise that the area was being used for sexual favors." Moreover, after petitioner learned that the Trooper hosting the parties had been questioned by authorities, petitioner immediately recommended to his club president and to other Troopers that they disassociate themselves from that Trooper. We conclude that the Hearing Board properly determined that such evidence is indicative of a consciousness of guilt.

Although a different finding would not have been unreasonable, " 'where[, as here,] substantial evidence exists' to support a decision being reviewed by the courts, 'that determination must be sustained, irrespective of whether a similar quantum of evidence is available to support other varying conclusions' " (*Matter of Ridge Rd. Fire Dist. v Schiano*, 16 NY3d 494, 503, quoting *Matter of Collins v Codd*, 38 NY2d 269, 270; *see Matter of Park Outdoor Adv. of N.Y. v City of Syracuse*, 210 AD2d 907, 908).

We reject petitioner's further contention that the penalty of dismissal is shocking to one's sense of fairness. "Judicial review of an administrative penalty is limited to whether the measure or mode of

penalty or discipline imposed constitutes an abuse of discretion as a matter of law . . . [T]he Appellate Division is subject to the same constraints as th[e] Court [of Appeals]—a penalty must be upheld unless it is 'so disproportionate to the offense as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (*Kelly*, 96 NY2d at 38, quoting *Pell*, 34 NY2d at 237). Moreover, "[i]n matters concerning police discipline, 'great leeway' must be accorded to the [Superintendent's] determinations concerning the appropriate punishment, for it is the [Superintendent], not the courts, who 'is accountable to the public for the integrity of the [Division of State Police]' " (*Kelly*, 96 NY2d at 38, quoting *Matter of Berenhaus v Ward*, 70 NY2d 436, 445; *see Pell*, 34 NY2d at 237; *Matter of Panek v Bennett*, 38 AD3d 1251, 1252; *Matter of Santos v Chesworth*, 133 AD2d 1001, 1003).  Given the nature of the offenses, the " 'higher standard of fitness and character [that] pertains to police officers,' " petitioner's evasive conduct and his refusal to accept any responsibility for his conduct, we conclude that the penalty of dismissal does not shock one's sense of fairness (*Matter of Bassett v Fenton*, 68 AD3d 1385, 1387-1388; *see e.g. Matter of Boyd v Constantine*, 81 NY2d 189, 196; *Matter of Tessiero v Bennett*, 50 AD3d 1368, 1370; *Matter of Hricik v McMahon*, 247 AD2d 935, 936; *Matter of Costa v McMahon*, 225 AD2d 694, 695; *Matter of Elwood v Constantine*, 213 AD2d 870, 872).

Entered:  May 2, 2014                          Frances E. Cafarell
                                               Clerk of the Court