*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 11, 2015            518837
_____

In the Matter of SEAMUS LYONS,
                    Petitioner,

        v                              MEMORANDUM AND JUDGMENT

SUPERINTENDENT OF STATE POLICE,
    JOSEPH D'AMICO, et al.,
                    Respondents.
_____

Calendar Date:  April 21, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Rose, JJ.

_____

        Law Office of Terrance P. Dwyer, Poughkeepsie (Terrance P.
Dwyer of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Kate H.
Nepveu of counsel), for respondents.

_____

Lahtinen, J.P.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Division of State Police
Hearing Board which found petitioner guilty of misconduct.

        An internal investigation by the State Police regarding
missing evidence resulted in misconduct charges against
petitioner, a State Trooper, for allegedly failing to obey a
lawful order to truthfully answer questions and knowingly making
a false entry in official records.  Following a disciplinary
hearing, respondent Division of State Police Hearing Board found
petitioner guilty of the two charges and recommended 60 days
unpaid suspension, one year of probation and a letter of censure.

Thereafter, a police captain showed petitioner a determination already signed by respondent Superintendent of State Police that terminated petitioner's employment, and the captain told petitioner that he had 10 minutes in which to resign or he would be terminated. Petitioner resigned.

Petitioner subsequently commenced this CPLR article 78 proceeding seeking to be reinstated. Respondents moved to dismiss asserting that petitioner's decision to resign resulted in no final agency determination. In January 2014, Supreme Court denied the motion, finding that there had been a final agency determination given the proof that petitioner had been shown a termination letter already signed by the Superintendent and then allowed only 10 minutes to either resign or he would be fired. Respondents' motion to reconsider was denied in May 2014 and, thereafter, an order was entered in August 2014 transferring the case to this Court for review of the substantial evidence question.

Initially, we consider respondents' argument that, since petitioner resigned, there was no final agency action over which the Court has jurisdiction. Although a resignation "would ordinarily be beyond our review, exceptions exist where . . . the resignation was allegedly ineffective and involuntary" (Matter of Melber v New York State Educ. Dept., 71 AD3d 1216, 1217 n [2010] [citation omitted]). It is undisputed that the Superintendent had signed a written decision terminating petitioner's employment. Significantly, the document was handed to petitioner and he was then told that he had 10 minutes to accept an "option" of resigning. Under the narrow circumstances, petitioner was effectively terminated by a final agency action when he was handed the signed termination document.

Turning to the merits, our review is limited to whether the agency's determination is supported by substantial evidence (see Matter of Revella v Felton, 60 AD3d 1184, 1185 [2009]). Credibility determinations are for the administrative factfinder when conflicting proof is presented (see Matter of Bassett v Fenton, 68 AD3d 1385, 1387 [2009]; Matter of Tessiero v Bennett, 50 AD3d 1368, 1369 [2008]). Petitioner and a police investigator were assigned to transport cocaine and marihuana that had been

seized and then to secure the illegal substances in an evidence locker at a police lab. However, the evidence was lost. During the ensuing investigation, petitioner gave statements and made factual claims that were contradicted by, among other things, proof provided by EZ Pass records, electronic key records, and cell phone records. Petitioner contended that he had interacted with an investigator at the lab where the lost evidence was to be delivered, but records reflected that such investigator was not working on that date and, moreover, an investigator who was working stated that petitioner had not been at the lab. Despite various monitoring systems that were in place at the lab, there was no indication that petitioner or the investigator who accompanied him were at the lab or accessed the evidence locker on the day in question. Efforts by police to recreate the routes and times that petitioner claimed he traveled revealed that the routes could not be traveled as claimed by petitioner. Although petitioner offered explanations for some of the many discrepancies, this created a credibility question which was resolved against him. Substantial evidence supports the administrative determination.

With regard to the penalty, we have observed that "a State Trooper holds a position of great sensitivity and trust and a higher standard of fitness and character pertains to police officers than to ordinary civil servants" (Matter of Bassett v Fenton, 68 AD3d at 1387-1388 [internal quotation marks, brackets and citations omitted]). In light of findings of repeated false statements where the underlying matter implicated missing evidence, together with the failure to accept responsibility even when confronted with contrary documentary proof, we cannot say that the penalty shocks our sense of fairness (see id. at 1388; see also Matter of Salatel v New York State Police, 98 AD3d 1214, 1216 [2012]).

McCarthy, Garry and Rose, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court