# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1248**
**TP 15-00672**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF CHRISTIAN HANLON, PETITIONER,

V                                                    MEMORANDUM AND ORDER

NEW YORK STATE POLICE, RESPONDENT.

---

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA & WOLF, LLP, LAKE SUCCESS (ERIC BROUTMAN OF COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Ann Marie Taddeo, J.], entered April 1, 2015) to review a determination of respondent. The determination terminated the employment of petitioner.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination finding him guilty of disciplinary charges and terminating his employment as a State Trooper following a hearing pursuant to Civil Service Law § 75. We reject petitioner's contention that certain charges were time-barred pursuant to Civil Service Law § 75 (4). Pursuant to that statute, a disciplinary action must be commenced within 18 months of the occurrence of the "alleged incompetency or misconduct complained of"; however, if the misconduct charged "would, if proved in a court of appropriate jurisdiction, constitute a crime," the 18-month limitation does not apply (*id.; see Matter of Langler v County of Cayuga*, 68 AD3d 1775, 1776; *Matter of Mieles v Safir*, 272 AD2d 199, 199). Here, the charges alleged conduct that would, if proved, constitute the crime of official misconduct (Penal Law § 195.00) and, therefore, they are not time-barred (*see Matter of McFarland v Abate*, 203 AD2d 190, 190). Contrary to petitioner's further contentions, the determination is supported by substantial evidence, and the penalty is not shocking to one's sense of fairness (*see Matter of Tessiero v Bennett*, 50 AD3d 1368, 1369-1370; *Matter of Wilburn v McMahon*, 296 AD2d 805, 806-807). Finally, Supreme Court did not abuse its discretion in denying petitioner's requested discovery inasmuch as petitioner failed to demonstrate that discovery was necessary (*see Matter of Bramble v New York City Dept.*

*of Educ.*, 125 AD3d 856, 857; *see generally* CPLR 408, 7804 [a]).