Matter of Lyndaker v Nigrelli (2024 NY Slip Op 06261)

Matter of Lyndaker v Nigrelli

2024 NY Slip Op 06261

Decided on December 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 12, 2024

CV-23-1807
[*1]In the Matter of Heidi L. Lyndaker, Petitioner,
v
Steven A. Nigrelli, as Acting Superintendent of the State Police, et al., Respondents.

Calendar Date:October 7, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and McShan, JJ.

Sussman & Goldman, Goshen (Michael H. Sussman of counsel), for petitioner.
Letitia James, Attorney General, Albany (Brian Lusignan of counsel), for respondents.

Aarons, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Acting Superintendent of the State Police finding petitioner guilty of misconduct and imposing a penalty.
Respondent Acting Superintendent of the State Police (hereinafter the Superintendent) brought seven disciplinary charges against petitioner, a state trooper. As relevant here, charge I alleged that petitioner violated State Police Rules and Regulations prohibiting misconduct when she failed to report to command staff that the State Police canine in her care and control, Jager, bit two children — one of petitioner's own children and a neighbor child — and that, as a result, Jefferson County Public Health Service (hereinafter the County) issued a 10-day confinement and observation order against Jager. The six other charges variously alleged that petitioner falsely reported that a stray dog bit the two children, that she encouraged the neighbor child and his mother to make the same false report and that she failed to properly secure Jager.
A disciplinary hearing ensued, after which the Hearing Board found that the Division of State Police failed to prove by a preponderance of the evidence that Jager bit the two children and that petitioner tried to cover it up. Although petitioner was acquitted of six of the seven disciplinary charges, the Hearing Board found petitioner guilty of charge I because she failed to report to command staff the County's "allegation" that Jager bit "a juvenile" and had issued the 10-day confinement order against Jager. The Superintendent adopted the findings of the Hearing Board and sanctioned petitioner with a formal censure, 10-day unpaid suspension and probation for one year. Petitioner then commenced this proceeding to challenge the Superintendent's determination of guilt and sanction. Respondents joined issue, and the proceeding was transferred to this Court for review (see CPLR 7804 [g]).
Our review is limited to whether the Superintendent's determination following a disciplinary hearing required under law is supported by substantial evidence, which "is a minimal standard that requires less than a preponderance of the evidence and demands only the existence of a rational basis in the record as a whole to support the findings upon which the determination is based" (Matter of Brooks v New York State Dept. of Corr. & Community Supervision, 218 AD3d 1096, 1098 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Lyons v Superintendent of State Police, 129 AD3d 1238, 1239 [3d Dept 2015]). Here, there is no dispute that petitioner never reported the allegation or the confinement order against Jager. Instead, petitioner maintains we must annul the determination because (1) the relevant specification under the misconduct charge asserts only that she failed to report Jager actually bit the children, whereas her guilt is based upon her [*2]failure to report the allegation of same; and (2) the failure to report the 10-day confinement order does not amount to misconduct. As a result, petitioner further contends, the sanction imposed is baseless.
Petitioner testified at the disciplinary hearing that Jager was kenneled inside her house at the time of the incident, which testimony petitioner's children corroborated and added that the dog involved in the incident was unknown to them. Petitioner told investigators that she did not report the 10-day confinement and observation order "because my dog wasn't involved." The neighbor child and that child's brother submitted sworn statements to the contrary, but neither of them testified at the disciplinary hearing, and the Hearing Board chose not to credit their accounts.
Although Jager's involvement was not substantiated at the disciplinary hearing, "the record clearly supports [the Superintendent's] findings as to the challenged charge[ ]" (Matter of Bassett v Fenton, 68 AD3d 1385, 1387 [3d Dept 2009] [internal quotation marks and citation omitted]). The Superintendent found that petitioner became aware of an "allegation" that Jager bit at least one child when she received the 10-day confinement order from the County. Although petitioner had insisted to the County that Jager was not involved in the incident, the County still issued the order to petitioner because "[y]our animal has bitten/scratched a person." That the Superintendent chose to call this an "allegation" reflects only that the County relied on the neighbor's statement about Jager's involvement when issuing the order. Such language does not mean petitioner's guilt on charge I is inconsistent with the charging document or with her acquittal on other charges that required sufficient evidence that Jager, in fact, bit two children. Given that substantial evidence supports a finding of misconduct on charge I, the Superintendent's determination shall remain undisturbed (see Matter of Salatel v New York State Police, 98 AD3d 1214, 1215 [3d Dept 2012]).
Turning to the remaining contentions, courts generally defer to the Superintendent's reasonable interpretation of State Police disciplinary regulations (see Matter of Gadway v Connelie, 101 AD2d 974, 974 [3d Dept 1984]). In our view, it is reasonable to base a finding of misconduct upon uncontroverted proof that petitioner (a State Police canine handler) failed to report to her superiors (at the State Police) that the County ordered Jager (an actively serving State Police canine) to be confined and observed for 10 days. Petitioner's claim that she should not be penalized because the State Police independently learned of the order shortly after it was issued is without merit (cf. Matter of Miller v McMahon, 240 AD2d 806, 808 [3d Dept 1997]). In light of our conclusions, the sanction imposed by the Superintendent is not baseless, nor is it "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense [*3]of fairness" (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974] [internal quotation marks and citation omitted]). Petitioner's remaining arguments have been reviewed and are without merit.
Egan Jr., J.P., Pritzker, Lynch and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.