■ In the Matter of EUGENE MCFARLAND, Petitioner, v CATHERINE ABATE, as Correction Commissioner of the City of New York, et al., Respondents. [611 NYS2d 153] —Determination of respondent Correction Commissioner of the City of New York dated October 20, 1992, dismissing petitioner from his position as a correction officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Carmen Beauchamp Ciparick, J.], entered on or about March 5, 1993) is dismissed, without costs or disbursements.

Respondent's determination that petitioner, *inter alia,* engaged in gambling activities and undue familiarity with an inmate under his supervision is supported by substantial evidence, and the penalty of dismissal is not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *cf., Trotta v Ward,* 77 NY2d 827). There is no merit to petitioner's claim that some of the charges made against him were barred by the 18-month Statute of Limitations set forth in Civil Service Law § 75 (4). The misconduct charged against petitioner constituted the crime of official misconduct (Penal Law § 195.00 [2]), and as such, is expressly excluded from the statute. Concur—Ellerin, J. P., Wallach, Kupferman, Rubin and Tom, JJ.