■ In the Matter of ANTHONY ALIBERTI, Appellant, v MICHAEL O'CONNOR, as Chief of the New York City Transit Police Department, et al., Respondents. [647 NYS2d 741] —Determination of respondent New York City Transit Police Department dated June 27, 1994, which dismissed petitioner from his position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Martin Schoenfeld, J.], entered February 2, 1995) dismissed, without costs.

Respondents' determination that petitioner abused his authority as a police officer by falsely charging an individual with assault, and that petitioner made a false memo book entry and a false oral statement about the incident to an investigating sergeant, is supported by substantial evidence (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 179-182). Eyewitness testimony as well as the investiga-

tive report of the sergeant support the inference that petitioner knew he was making a false charge against the individual. Challenges to the witnesses' credibility were appropriately resolved by the Administrative Law Judge (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). While petitioner argues that some of the testimony was hearsay, such evidence is admissible in an administrative hearing, and, indeed, may in itself constitute substantial evidence for purposes of article 78 review (*People ex rel. Vega v Smith*, 66 NY2d 130, 139).

We note that the administrative proceeding was timely under Civil Service Law § 75 (4) since petitioner's misconduct would have constituted a crime had it been prosecuted in a criminal court (*see, Matter of McFarland v Abate*, 203 AD2d 190). Concur—Milonas, J. P., Ellerin, Rubin, Ross and Nardelli, JJ.