■ In the Matter of CHRISTIAN HANLON, Petitioner, v NEW YORK STATE POLICE, Respondent. [19 NYS3d 386]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Ann Marie Taddeo, J.], entered Apr. 1, 2015) to review a determination of respondent. The determination terminated the employment of petitioner.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination finding him guilty of disciplinary charges and terminating his employment as a State Trooper following a hearing pursuant to Civil Service Law § 75. We reject petitioner's contention that certain charges were time-barred pursuant to Civil Service Law § 75 (4). Pursuant to that statute, a disciplinary action must be commenced within 18 months of the occurrence of the "alleged incompetency or misconduct complained of"; however, if the misconduct charged "would, if proved in a court of appropriate jurisdiction, constitute a crime," the 18-month limitation does not apply (*id.*; *see Matter of Langler v County of Cayuga*, 68 AD3d 1775, 1776 [2009]; *Matter of Mieles v Safir*, 272 AD2d 199, 199 [2000]). Here, the charges alleged conduct that would, if proved, constitute the crime of official misconduct (Penal Law § 195.00) and, therefore, they are not time-barred (*see Matter of McFarland v Abate*, 203 AD2d 190, 190 [1994]). Contrary to petitioner's further contentions, the determination is supported by substantial evidence, and the penalty is not shocking to one's sense of fairness (*see Matter of Tessiero v Bennett*, 50 AD3d 1368, 1369-1370 [2008]; *Matter of Wilburn v McMahon*, 296 AD2d 805, 806-807 [2002]). Finally, Supreme Court did not abuse its discretion in denying petitioner's requested discovery inasmuch as petitioner failed to demonstrate that discovery was necessary (*see Matter of Bramble v New York City Dept. of Educ.*, 125 AD3d 856, 857 [2015]; *see generally* CPLR 408, 7804 [a]). Present—Scudder, P.J., Centra, Peradotto, Lindley and Valentino, JJ.