Matter of McAvoy v City of Rochester (2021 NY Slip Op 07379)





Matter of McAvoy v City of Rochester


2021 NY Slip Op 07379


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


891 TP 21-00787

[*1]IN THE MATTER OF SPENSER MCAVOY, PETITIONER,
v
CITY OF ROCHESTER AND LA'RON SINGLETARY, IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE FOR CITY OF ROCHESTER, RESPONDENTS. 






TREVETT CRISTO, ROCHESTER (DANIEL P. DEBOLT OF COUNSEL), FOR PETITIONER. 
PULLANO & FARROW, PLLC, ROCHESTER (JEFFREY S. ALBANESE OF COUNSEL), FOR RESPONDENTS. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Monroe County [William K. Taylor, J.], entered November 16, 2020) to review a determination of respondents. The determination, among other things, terminated petitioner's employment with the Rochester Police Department. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul those parts of a determination following a hearing pursuant to Civil Service Law § 75 that found him guilty of the disciplinary charge of making an arrest without reasonable cause and terminated his employment as an officer with the Rochester Police Department. Contrary to petitioner's contentions, the determination with respect to that charge is supported by substantial evidence (see Matter of Hanlon v New York State Police, 133 AD3d 1265, 1266 [4th Dept 2015]), and the penalty is not shocking to one's sense of fairness (see Matter of Arroyo v O'Neill, 35 NY3d 1030, 1031 [2020]; Hanlon, 133 AD3d at 1266).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court